```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------X

SYLVIA MAZZO,                            09 Civ. 10064 (FPS)

        Plaintiff,                       **MEMORANDUM OPINION AND
                                         ORDER DENYING DEFENDANTS'
                                         MOTION SEEKING PERMISSION
v.                                       FOR DEFENSE COUNSEL TO
                                         IMPEACH DR. BEFELER'S
WAGDI F. IBRAHIM, M.D. and               CREDIBILITY BY INTRODUCING
ROCKLAND SURGICAL ASSOCIATES, P.C.,      EVIDENCE OF HIS CONTEMPT
                                         CONVICTION**
        Defendants.

---------------------------------X
```

I.  Background

The plaintiff, Sylvia Mazzo, brought this medical malpractice action against defendants Wagdi F. Ibrahim, M.D., a New York surgeon, and Rockland Surgical Associates, P.C. ("Rockland Surgical"), his wholly-owned professional corporation, arising out of a laparoscopic cholecystectomy procedure (gallbladder removal surgery) that Dr. Ibrahim performed on Mrs. Mazzo on February 4, 2009.[1]  After her discharge from the hospital on February 4, 2009, the plaintiff began experiencing pain, nausea, and vomiting.  She was then re-admitted to Nyack Hospital on February 8, 2009 and underwent an emergency exploratory laparotomy, during which Dr. Ibrahim discovered and repaired a perforation in Mrs. Mazzo's small intestine.  The plaintiff contends that Dr. Ibrahim was negligent

---

[1] By various consent orders, the claims against defendants Dr. Rahklin, Ramapo Valley Surgical Associates, P.C., and Nyack Hospital have been dismissed with prejudice.

in failing to detect and repair the perforation before concluding her gallbladder removal.

On or about April 6, 2011, through expert witness exchange, counsel for the plaintiff advised the defendants that the plaintiff intends to call David Befeler, M.D. as an expert witness in this case.  According to the plaintiff, Dr. Befeler is expected to testify to a reasonable degree of medical certainty that the perforation of Mrs. Mazzo's small intestine was caused during the February 4, 2009 laparoscopic cholecystectomy procedure and that Dr. Ibrahim was negligent in failing to detect and repair the perforation before concluding that procedure.   A subsequent investigation by the defendants revealed that in 1983, Dr. Befeler was convicted of summary contempt in the Superior Court of New Jersey for lying to a judge.  Dr. Befeler admitted the underlying facts of the conviction during his testimony in two trials held before the Supreme Court of the State of New York in 2009 and 2011.[2]  Trial Tr., Mar. 25, 2009, 485:13-25; Trial Tr., June 16, 2011, 97:25-98:21-16.   In 1993, that conviction was expunged pursuant to N.J.S.A. 2C:52-3, which permits a person convicted of a disorderly persons offense to apply for expungement of the

---

[2]In 1983, Dr. Befeler was called to testify as an expert witness in a medical malpractice case in the Superior Court of New Jersey styled <u>Mary Innocenti v. Holy Name Hospital</u>.  When Dr. Befeler learned that his testimony would continue into the afternoon, he falsely told the trial judge that he needed to be excused because he had to go to the hospital to perform surgery. Dr. Befeler actually needed to be excused in order to attend to his young son.

conviction after the expiration of five years as long as the person has not been convicted of any prior or subsequent crimes and has paid any fine associated with the conviction.  Mem. in Supp. of Defs.' Intent to Question Dr. Befeler, Ex. 1.

In preparation for trial, on November 21, 2011 the defendants filed a memorandum of law in support of their intent to question Dr. Befeler regarding his summary contempt conviction.  In this memorandum, the defendants argue: (1) evidence of Dr. Befeler's contempt conviction should be admitted because it constituted a crime of dishonesty; (2) the time limit exception of Rule 609(b) of the Federal Rules of Evidence is inapplicable because the probative value of the conviction outweighs its prejudicial effect; and (3) the exception enumerated in Rule 609(c) of the Federal Rules of Evidence is inapplicable because there is no evidence that the expungement resulted from Dr. Befeler's rehabilitation or a finding of innocence.

The plaintiff responded to the defendants' memorandum regarding Dr. Befeler by filing a memorandum in opposition on November 28, 2011.[3]  The plaintiff argues that the defendants' motion in limine[4] should be denied because the matter of Dr. Befeler's summary contempt conviction: (1) is remote in time; (2)

---

[3] This Court received an unredacted version of the plaintiff's memorandum in opposition via facsimile.  A redacted version was filed via the ECF system (ECF No. 81).

[4] The defendants did not style their memorandum regarding the cross-examination of Dr. Befeler as a motion in limine, but the plaintiff refers to it as such.

has been expunged; (3) did not involve any medical testimony given to a jury; (4) does not involve a party; and (5) is more prejudicial than probative. After considering the memoranda of the parties and the relevant law, this Court finds that the defendants' motion for permission to impeach Dr. Befeler's credibility by introducing evidence of his contempt conviction must be denied.

## II.   Applicable Law

Rule 609 of the Federal Rules of Evidence provides, in pertinent part:

> (a) General rule. -- For the purpose of attacking the character for truthfulness of a witness, . . .
>
> > (2) evidence that any witness has been convicted of a crime shall be admitted regardless of the punishment, if it readily can be determined that establishing the elements of the crime required proof or admission of an act of dishonesty or false statement by the witness.

Fed. R. Evid. 609(a)(2). However, Rule 609 also states:

> Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction . . . unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect.

Fed. R. Evid. 609(b). Further, evidence of a conviction is not admissible under Rule 609 if "(1) the conviction has been the subject of a pardon, annulment, certificate of rehabilitation, or other equivalent procedure based on a finding of the rehabilitation of the person convicted." Fed. R. Evid. 609(c)(1).

In this case, there is no dispute that Dr. Befeler's 1983 summary contempt conviction was the result of an "admission of an act of dishonesty or false statement." Fed. R. Evid. 609(a)(2). Thus, the question of whether the defendants can impeach Dr. Befeler with evidence of his summary contempt conviction hinges upon the time that has elapsed since the date of the conviction and whether the expungement of the conviction constitutes a finding of rehabilitation.

### III.   Discussion

As stated above, the parties do not debate the fact that Dr. Befeler's contempt conviction constitutes a crime of dishonesty or false statement.  Although this conviction would be admissible under the general rule set forth in subsection (a) of Rule 609, subsections (b) and (c) place limitations on the admissibility of this evidence.  This Court will address both rehabilitation, discussed in Rule 609(c), as well as the time limit set forth in Rule 609(b).

A.   Rehabilitation

As the defendants highlight in their memorandum, the United States Court of Appeals for the Second Circuit has held that Rule 609(c)(1) prevents the admission of a prior conviction "only when there has been an express finding that the person convicted has been rehabilitated."  Zinman v. Black & Decker (U.S.), Inc., 983 F.2d 431, 435 (2d Cir. 1993).  Automatic pardons or those procured by operation of statute do not imply a finding of rehabilitation.

See <u>Smith v. Tidewater Marine Towing, Inc.</u>, 927 F.2d 838, 840-41 (5th Cir. 1991); see also <u>United States v. DiNapoli</u>, 557 F.2d 962, 966 (2d Cir. 1977) ("A pardon or its equivalent granted solely for the purpose of restoring civil rights lost by virtue of a conviction has no relevance to an inquiry into character." (quoting Fed. R. Evid. 609 advisory committee's note)).

In her memorandum in opposition, the plaintiff cites to N.J.S.A. § 2C:52-27, which explains the effect of expungement:

> Unless otherwise provided by law, if an order of expungement is granted, the arrest, conviction and any proceedings related thereto shall be deemed not to have occurred, and the petitioner may answer any questions relating to their occurrence accordingly . . . .

N.J.S.A. § 2C:52-27. The plaintiff acknowledges, however, that Dr. Befeler's expungement does not appear to fall within the exception described in Rule 609(c). Pl.'s Mem. in Opposition n.3. This Court finds that the plaintiff has failed to establish that the expungement of Dr. Befeler's conviction was based upon a finding of innocence or rehabilitation. The fact that the conviction is deemed not to have occurred as a result of the expungement does not mean that there has been an express finding of rehabilitation. Dr. Befeler's conviction was expunged pursuant to N.J.S.A. § 2C:52-3, which makes no mention of rehabilitation. This Court will not imply a finding of rehabilitation simply because Dr. Befeler's conviction was expunged when the plaintiff has not set forth any facts in support of such a conclusion.

B.   Time Limit

Although this Court finds that the exemption set forth in Rule 609(c)(1) is not applicable in this case, the time limit set forth in subsection (b) does prevent the admission of the evidence of Dr. Befeler's conviction. Rule 609(b) expressly provides that evidence of a conviction more than ten years old may be admitted only if its probative value substantially outweighs its prejudicial effect. See Zinman, 983 F.2d at 434 ("We have recognized that Congress intended that convictions over ten years old be admitted very rarely and only in exceptional circumstances.")(internal quotation omitted).  Further, the Second Circuit has held that "when convictions more than ten years old are sought to be introduced into evidence pursuant to Rule 609(b) the district judge should make an on-the-record determination supported by specific facts and circumstances that the probative value of the evidence substantially outweighs its prejudicial effect". United States v. Mahler, 579 F.2d 730, 736 (2d Cir. 1978).

The defendants contend that the probative value of Dr. Befeler's 28-year-old conviction substantially outweighs any prejudice the plaintiff might suffer if the evidence is admitted. According to the defendants, the circumstances of Dr. Befeler's conviction are identical to those presented in this case -- Dr. Befeler made a false statement while testifying as an expert witness, and he will once again be testifying as an expert witness in the trial in this case.  The plaintiff counters that the

defendants have failed to demonstrate that exceptional circumstances exist to justify the admission of the conviction for impeachment purposes.

This Court finds that the probative value of Dr. Befeler's 28-year-old conviction does not substantially outweigh its prejudicial effect. First, twenty-eight years has elapsed since the date of the conviction, which is significantly more than the ten year time frame contemplated by Rule 609(b). Second, the false statement underlying the 1983 conviction did not involve the credibility of Dr. Befeler's testimony as a medical expert and it did not undermine his medical credentials. Third, Dr. Befeler is a non-party expert witness in this case. While his testimony as an expert witness on the standard of care might be important to assist the jury as triers of fact, it is not the only evidence the jury will consider and it is not central to the case. The jury will consider many other facts, including the testimony of the defendants' expert witness. Moreover, the jury will be instructed to consider Dr. Befeler's testimony in light of all the evidence presented. Thus, this Court finds that the evidence of Dr. Befeler's summary contempt conviction is inadmissible.

## IV. Conclusion

For the reasons stated above, the defendants' motion seeking permission for defense counsel to impeach Dr. Befeler's credibility by introducing evidence of his contempt conviction is DENIED.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to counsel of record herein.

DATED:    November 30, 2011

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE
Sitting by Designation